UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 16-cr-20344

v        Honorable Thomas L. Ludington

ROBERT RAY CASTILLO,

        Defendant.
_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR DISCOVERY, AUTHORIZING SUBPOENA FOR MEDICAL RECORDS, AND ORDERING PRODUCTION OF MEDICAL RECORDS FOR <u>IN CAMERA REVIEW</u>**

On May 11, 2016 a two-count indictment was issued charging Defendant Robert Ray Castillo with one count of aggravated sexual abuse in violation of 18 U.S.C. §§ 2241(a)(1), 1151 and 1152 and one count of sexual abuse in violation of §§ 2242(2), 1151 and 1152. *See* ECF No. 12. The indictment alleges that Castillo, a non-Indian, knowingly and forcibly engaged in sexual acts with an Indian victim, A.B., despite knowing that she was at the time incapable of appraising the nature of the conduct and incapable of withholding consent. *Id*. The Government alleges that Castillo sexually assaulted A.B. while she was under the influence of prescription sleep aid medication after A.B. had expressly denied him consent. Castillo acknowledges that A.B. was on sleep medication, but argues that A.B. had

previously given him consent to engage in sexual acts with her while she was asleep.

On August 17, 2016 Defendant Castillo filed a motion seeking discovery of A.B.'s psychological records. *See* ECF No. 23. Castillo claims that A.B. takes medication that is often prescribed for patients who have anxiety and major depressive disorder, and that she regularly treats with a therapist through Saginaw Chippewa Indian Tribe's mental health services. Noting that A.B. is the single witness in this matter, Defendant Castillo argues that A.B.'s medical records are potentially exculpatory under *Brady v. Maryland,* 373 U.S. 83 (1963). The Government disagrees with Castillo's request, arguing that Castillo is not entitled to the records under the Confrontation Clause, and that Castillo seeks impermissible, privileged discovery.

**I.**

In contrast to the broad scope of discovery in civil cases, the discovery available to a criminal defendant is relatively constricted, and is generally circumscribed by the following three rules: (1) Federal Rule of Criminal Procedure 16, controlling discovery of materials within the government's possession, custody, or control regarding the defendant, *see United States v. Llanez-Garcia*, 735 F.3d 483, 493 (6th Cir. 2013); (2) The Jencks Act, 18 U.S.C. § 3500, which holds that the Government must provide statements or reports in its possession of

witnesses who testify at trial; and (3) the doctrine set forth in *Brady*. *See United States v. Presser*, 844 F.2d 1275, 1285, fn. 12 (6th Cir.1988) (stating that in most criminal prosecutions, these three rules "exhaust the universe of discovery to which the defendant is entitled").

### A.

The Government notes that because it is not currently in possession of A.B.'s psychological records, those documents would require a subpoena request pursuant to Federal Rule of Criminal Procedure 17(c). While Rule 16 only imposes an obligation on the government to turn over documents and objects, Rule 17(c) sweeps more broadly by allowing a defendant to request them from the government or third parties. *Bowman Dairy v. United States*, 341 U.S. 214, 219 (1951). Under that rule, "a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order." Fed. R. Crim. P. 17(c)(3). The defendant need not seek discovery materials from the government prior to requesting a subpoena under Rule 17 "[b]ecause the government does not possess or control all of the materials potentially relevant to a defendant's case, [] is not obligated to acquire materials possessed or controlled by others, [and] the criminal-procedure rules do not make the government the gatekeeper to evidence it may not have." *Llanez-Garcia*, 735 F.3d at 494.

To contain the danger that criminal defendants might misuse Rule 17(c) to expand the scope of discovery, the Court in *United States v. Nixon* held that a defendant could subpoena materials using a Rule 17(c) subpoena only if four conditions are met. 418 U.S. 683, 699 (1974). "First, the items must be evidentiary and relevant. Second, the items may not be otherwise procurable through due diligence prior to trial. Third, the requesting party must be unable to properly prepare for trial without such pre-trial production and inspection. And, finally, the application must be made in good faith and not amount to a 'fishing expedition.'" *Llanez-Garcia*, 735 F.3d at 494 (citing *Nixon*, 418 U.S. at 699).

### i.

The government first argues that the victim's medical records are not relevant or admissible under Rule 17(c). Defendant does not argue that the proposed discovery falls under Rule 16 or the Jencks Act, but argues that the discovery is appropriate under *Brady*. Under *Brady,* the government violates due process when it fails to disclose evidence related to guilt or sentencing in a criminal case that is favorable to the defendant. *Brady*, 373 U.S. at 87. The *Brady* rule extends to material that could be used to impeach the credibility of a government witness. *Giglio v. United States*, 405 U.S. 150, 154–55, (1972) (impeachment evidence falls within Brady "[w]hen the reliability of a given witness may well be determinative of guilt or innocence").

On the one hand, it is not the duty of the Government to go out looking for potentially exculpatory materials under *Brady*. As explained by the Supreme Court, "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one…." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). On the other hand, the Government may not "obstruct a criminal defendant's access to material needed for his defense by strategically opting not to obtain them itself." *Llanez-Garcia*, 735 F.3d at 494 (citing *Nixon*, 418 U.S. at 699). In the present matter, it is undisputed that A.B. was on sleeping medication at the time of the events in question. The government also does not dispute Defendant's claims that A.B. regularly treated with a psychiatrist. As A.B. is the sole witness in this matter, her credibility will be paramount to any determination of guilt or innocence. The requested production is thus potentially relevant under *Brady*.

**ii.**

The Government next argues that the proposed discovery into A.B.'s psychological records is not sufficiently relevant or evidentiary under Rule 17 due to the privileged status of those documents. The government concedes that a primary interest secured by the Sixth Amendment's Confrontation Clause is a defendant's right of cross-examination, *see Douglas v. Alabama*, 380 U.S. 415, 418 (1965), but notes that "the Confrontation Clause guarantees only an opportunity for effective cross-examination, not cross-examination that is effective

in whatever way, and to whatever extent, that the defendant might wish." *United States v. Owens*, 484 U.S. 554, 559 (1988) (internal quotations omitted). This is because the Confrontation Clause is not a constitutionally compelled rule of pretrial discovery but a "*trial* right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination." *Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987). "The ability to question adverse witnesses ... does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony" and "[n]ormally the right to confront one's accusers is satisfied if defense counsel receives wide latitude at trial to question witnesses." *Id*. at 53-54.

While it is true that courts must consider the privacy interest of a patient in the confidentiality of her medical records and the societal interest in encouraging the free flow of information between patient and psychotherapist, those interests are not absolute and, in the context of criminal matters, must "yield to the paramount right of the defense to cross-examine effectively the witness in a criminal case." *United States v. Society of Independent Gasoline Marketers of America*, 624 F.2d 461, 469 (4th Cir. 1979) (holding that the district court committed reversible error in denying the defendant access to a witness's hospital records for use in cross examination). *See also Davis v. Alaska*, 415 U.S. 308, 319 (1974). A desire to spare a witness embarrassment which disclosure of medical

records might entail is insufficient justification for withholding such records from criminal defendants on trial for their liberty. *See Society of Independent Gasoline Marketers,* 624 F.2d at 469, *Batey v. Haas*, No. 2013 WL 1810762, at *10 (E.D. Mich. Apr. 30, 2013), *aff'd*, 573 F. App'x 590 (6th Cir. 2014).

Courts have routinely found that certain forms of mental disorder have high probative value on the issue of credibility. *United States v. Lindstrom*, 698 F.2d 1154, 1160 (11th Cir. 1983) (finding reversible error where the district court denied defendant access to a witness's psychiatric materials where the witness was suffering from ongoing mental illness for which she had been confined, and which could seriously affect her ability to know, comprehend, and relate to the truth). "While mental illness can indeed be relevant to a witness's credibility, courts hold that the decision of whether or not to allow in evidence of a witness's mental illness falls within the broad discretion of trial courts as they balance possible prejudice versus probative value." *Boggs v. Collins*, 226 F.3d 728, 742 (6th Cir. 2000) (quotations and citations omitted). Factors a court should consider in allowing evidence of witness' mental illness are the nature of the psychological problem, the temporal recency or remoteness of the condition, and whether the witness suffered from the condition at the time of the events to which she is to testify. *Id*.

Given that the victim is the sole witness in this matter and thus her credibility may be determinative of innocence or guilt, and given the harsh guidelines Castillo will face if convicted, Castillo's Confrontation Clause rights may be in tension with A.B.'s privileged records.

### iii.

Finally, the government argues that Castillo's broad request amounts to an impermissible fishing expedition. This argument is contradicted by the fact that A.B. was admittedly on prescription medication at the time of the events in question. While Castillo's request is broad, it cannot be considered a bad faith fishing expedition.

### B.

As noted above, because the records requested by Defendant do not fall within Rule 16 or the Jencks act, they are only relevant only to the extent that they are potentially exculpable under *Brady*. The mere fact that a witness may suffer from a mental illness does not mean that the records of that illness go to the credibility of the witness such that they may be considered exculpatory under *Brady*. For this reason, a subpoena will be issued for A.B.'s psychological records, and the records will be reviewed by the Court in camera. Only that evidence which is potentially exculpatory under *Brady* will be produced to Defendant Castillo. If no such evidence exists, then Defendant will not be allowed to

discover A.B's medical records, and his rights under the Confrontation Clause will be satisfied by allowing him broad latitude to cross-examine the witness regarding her medical history at trial. *See Ritchie*, 480 U.S. 39, at 53.

## II.

Accordingly, it is **ORDERED** that Defendant's motion for discovery of medical records, ECF No. 23, is **GRANTED IN PART**.

It is further **ORDERED** that a subpoena requiring the production of A.B.'s psychological records is **AUTHORIZED.** The documents will be produced to the Court for **IN CAMERA REVIEW.**

It is further **ORDERED** that Defendant Castillo is directed to **PREPARE AND SUBMIT** a proposed subpoena through the **CM/ECF Proposed Order Function,** under the Utilities menu.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 13, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 13, 2016.

s/Michael A. Sian
MICHAEL A. SIAN