UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 16-cr-20344

v        Honorable Thomas L. Ludington

ROBERT RAY CASTILLO,

        Defendant.
_____/

**ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE,
PRECLUDING DEFENDANT FROM OFFERING ADVANCE CONSENT DEFENSE,
AND SUPPRESSING OUT-OF-COURT STATEMENTS RELATED TO THE ADVANCE
CONSENT DEFENSE AND RESETTING PLEA CUTOFF**

On May 11, 2016 a two-count indictment was issued charging Defendant Robert Ray Castillo with one count of aggravated sexual abuse in violation of 18 U.S.C. §§ 2241(a)(1), 1151 and 1152 and one count of sexual abuse in violation of §§ 2242(2), 1151 and 1152. *See* ECF No. 12. The indictment alleges that Castillo, a non-Indian, knowingly and forcibly engaged in sexual acts with an Indian victim, A.B., despite knowing that she was at the time incapable of appraising the nature of the conduct and incapable of withholding consent. *Id*.

On August 23, 2016 the Government filed a motion to exclude Defendant's advance consent defense and suppress evidence of Defendant's previous statements related to that defense. *See* ECF No. 25. The Government then filed a corrected motion on August 29, 2016. *See* ECF No. 26. In each motion, the Government argues that advance consent is not a valid defense to a charge of engaging in sexual acts with a sleeping victim. The Government's motion will now be granted.

**I.**

Defendant Castillo and A.B. met online, dated for around eight months, and had moved in together. The Government alleges that the two had recently broken up and that Defendant was in the process of moving out. Defendant disagrees, arguing that the two were working on their relationship. Defendant Castillo was aware that A.B. took medication to help her sleep.

The Government alleges that on the night in question Castillo sexually assaulted A.B. while she was under the influence of prescription sleep aid medication after A.B. had expressly denied him consent. The Government alleges that A.B. woke up with Defendant "pulling down her shorts and moving in behind her." The Government then claims that A.B. told Defendant "no" twice and physically struggled to get up but that Defendant had forcefully pinned her down. After feeling Defendant penetrate her anus, she fell back asleep due to the medication she was on. The Government further alleges that A.B. again woke up to discover Defendant penetrating her vagina with his penis. She again told him "no" but he did not stop.

Shortly after the encounter A.B. reported the incident to the Mount Pleasant Police. The Mount Pleasant police then transported Defendant Castillo to the police department, where he waived his Miranda rights and consented to being interrogated. The interrogation was recorded. During the interview Defendant Castillo acknowledged that A.B. was on sleeping medication and that he had engaged in sexual acts with her, but claimed that A.B. had previously given him consent to engage in sexual acts with her while she was sleeping. Defendant also admitted that A.B. woke up during the encounter in question, but denied that she ever told him "no" or to stop.

**II.**

Defendant Castillo is charged with violating 18 U.S.C. § 2241(a)(1), which penalizes a person within a special maritime and territory jurisdiction who "knowingly causes another person to engage in a sexual act … by using force against that other person" or an attempts to do

so. He is also charged with violating 18 U.S.C. § 2242(2), which a person who knowingly "engages in a sexual act with another person if that other person is (A) incapable of appraising the nature of the conduct; or (B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act" or attempts to do so.

**A.**

The Government first moves to bar Defendant from introducing an advance consent defense. Defendant does not dispute that a sleeping person can satisfy the incapacitation element of sexual abuse claim, and that a sleeping person cannot consent to sexual intercourse. *See, e.g. United States v. Fasthorse*, 639 F.3d 1182, 1184 (9th Cir. 2011); *United States v. Smith*, 606 F.3d 1270, 1281 (10th Cir. 2010) (holding that evidence was sufficient where, inter alia, the victim "woke up to find [the defendant] on top of her and engaged in sex"); *United States v. Wilcox*, 487 F.3d 1163, 1169 (8th Cir. 2007) (holding that where a victim testifies that she woke up while the sexual act was ongoing, this "provide[s] sufficient evidence for the jury to conclude that penetration occurred while she was asleep."); *cf. United States v. Peters*, 277 F.3d 963, 967-68 (7th Cir. 2002) (holding that evidence was insufficient where the record was silent with respect to the hour-and-a-half period in which the sexual act occurred); *United States v. Williams*, 89 F.3d 165, 168 (4th Cir. 1996) (holding that evidence was insufficient where the victim testified that she was awake and "communicated her desire not to have sexual intercourse" with the defendant).

As a threshold matter, the parties dispute the Government's burden in proving a § 2242(2) offense. Defendant argues that rape is not a strict liability offense, and therefore the mens rea element cannot be satisfied by merely showing that the wrongful act was committed. The Government disagrees, arguing that "[t]he crime of rape is complete upon the mere showing

of sexual intercourse with a person who is asleep, unconscious, or otherwise incapacitated and therefore could not resist or give consent." *See State v. Moorman*, 358 S.E. 2d 502, 505-06 (1987).

Because § 2242(2) prohibits one from knowingly engaging in a sexual act with a person who is incapable of appraising the nature of the conduct or declining participation, the mens rea element is satisfied by showing that a defendant *knowingly* engaged in the prohibited act. The Government satisfies the mens rea element by showing not only that the defendant engaged in a prohibited act with a person incapable of giving consent, but that a defendant had knowledge of the victim's incapacity. *United States v. Bruguier*, 735 F.3d 754, 763 (8th Cir. 2013) (providing an in-depth analysis of the mens rea requirement for § 2242(2) offenses based on *Flores-Figueroa v. United States*, 556 U.S. 646 (2009) and the canons of construction); *United States v. Harry*, 2014 WL 6065677, at *15 (D.N.M. Oct. 14, 2014) (adopting the reasoning in *Bruguier*). In the present case, the Government has the burden of showing that the defendant knew A.B. was asleep, unconscious, incapable of appraising the nature of the conduct, or physically incapable of giving consent.

The parties next dispute whether advance consent is a valid defense to a § 2242(2) charge. Citing *People v. Hernandez*, 200 Ca. App. 4th 1000, 1006 (2011), the Government argues that "[t]he act of sexual intercourse with an unconscious person is itself illegal, regardless of the victim's advance consent." *Id.* (citing *People v. Dancy*, 102 Cal. App. 4th 21, 37 (2002)). The Government claims that a victim must have the ability to consent both at the beginning of and during the course of the sexual act, and therefore a perpetrator deprives that person of an opportunity to indicate lack of consent at the time of the act by engaging in intercourse with a sleeping or unconscious person. *Id.* Defendant Castillo disagrees, noting that both *Hernandez*

and *Dancy* are nonbinding California state cases, and arguing that adult individuals have the right to advance consent to "restful coitus." Defendant cites no law or precedent in support of this claim.

While *Dancy* is non-binding on this Court, its reasoning is persuasive. Advance consent is no defense to a sexual abuse charge under § 2242(2). One who engages in sexual acts not only has the right to withhold consent at the outset, but also has the right to withdraw or qualify consent during the course of the acts. *See Dancy*, 102 Cal. App. 4th at 37. *See also United States v. Tatman,* 397 F. App'x. 152, 162 (6th Cir. 2010) (holding that, in the Fourth Amendment context, a party consenting to a search may withdraw or restrict the scope of consent at any time). By engaging in sexual acts with a sleeping or unconscious victim, a perpetrator deprives the victim of her right to withdraw, limit or otherwise clarify the scope of her consent. "It follows that a man who intentionally engages in sexual intercourse with a woman he knows to be unconscious harbors a 'wrongful' intent regardless of whether he believes that she has (or she actually has) consented in advance to the act." *Dancy*, 102 Cal. App. 4th at 37. The Government's motion will therefore be granted, and Defendant Castillo precluded from offering an advance consent defense.

### B.

The Government also moves to suppress certain prior, out-of-court statements made by Defendant Castillo related to his advance consent defense. Because the defense will be precluded, Defendant's out-of-court statements related to that defense will be suppressed.

### II.

Accordingly, it is **ORDERED** that the Government's amended motion to exclude and suppress, ECF No. 26, is **GRANTED**.

It is further **ORDERED** that Defendant Castillo is **PRECLUDED** from offering a defense based on purported advance consent, and his out-of-court statements related to the advance consent defense are **SUPRESSED.**

It is further **ORDERED** that the Government's motion to exclude and suppress, ECF No. 25, is **DENIED as moot**.

It is further **ORDERED** that the plea cutoff is set for **October 3, 2016.**

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: September 29, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 29, 2016.

s/Kelly Winslow for  
MICHAEL A. SIAN, Case Manager